UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODRICK L. JONES,

    Plaintiff,

v.

MICHIGAN STATE TROOPER FIRST
NAME UNKNOWN (FNU)WHITE,

    Defendant.
_____/

CASE NO. 2:12-cv-12194

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

### OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES, DISMISSING THE CIVIL RIGHTS COMPLAINT, AND DENYING APPLICATION FOR APPOINTMENT OF COUNSEL AND REQUEST TO STOP LAWSUIT AS MOOT

**I.  INTRODUCTION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff Rodrick L. Jones is a state prisoner incarcerated by the Michigan Department of Corrections, currently at the Bellamy Creek Correctional Facility in Ionia, Michigan. He filed the pending Civil Rights Complaint on May 18, 2012, naming Michigan State Trooper First Name Unknown (FNU) White as the only Defendant. When Plaintiff filed his Complaint, he also filed an Application to Proceed Without Prepayment of Fees" [dkt. # 3] or otherwise to proceed *in forma pauperis*, see 28 U.S.C. § 1915(a)(1), and an "Application for Appointment of Counsel" [dkt. #2].

Subsequently, on May 23, 2012, Plaintiff filed a "Request to Stop Lawsuit" against Trooper White, because "that was the wrong complaint [and] now that suit would be against the State of Michigan, not Officer White." See Request to Stop Lawsuit, 1 May 23, 2012. The Court construes

Plaintiff's request as an Amendment to the Complaint, naming only the State of Michigan as a Defendant.

In his Complaint, Plaintiff alleges that he was illegally arrested by Trooper White and that his due process rights were violated. He is seeking monetary damages.

A search of the federal court's records reveals that Plaintiff has filed prior lawsuits which have been dismissed for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *Jones v. White*, No. 10-CV-15156 (E.D. Mich. Nov. 10, 2011) (Goldsmith, J.) (complaint dismissed because it failed to state a plausible claim); *Jones v. White*, No. 10-12308 (E.D. Mich. Aug. 18, 2010) (Cleland, J.) (complaint dismissed because it lacked an arguable basis under law, failed to state a claim, and sought monetary damages from one who was immune from such relief); *Jones v. Brown*, No. 10-12391 (E.D. Mich. Aug. 16, 2010) (Zatkoff, J.) (complaint dismissed because it lacked an arguable basis under law and failed to state a claim).

Having reviewed the matter, the Court concludes that Plaintiff is not eligible to proceed *in forma pauperis* and dismisses his Complaint under 28 U.S.C. § 1915(g).

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the United States Court of Appeals for the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing

a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). In *Hampton*, the Sixth Circuit found the PLRA's fee requirements constitutional. *Id.* at 1288.

The PLRA further reinforces its "stop and think" aspect by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in section 1915(g), is express and unequivocal; although the statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury" to proceed *in forma pauperis*. The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is ex post facto legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999).

In short, the "three strikes" provision allows the Court to dismiss a prisoner's civil rights case where the prisoner seeks to proceed *in forma pauperis* if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g); *Rawls v. First Name Unknown*

3

*(FNU) Kelly*, No. 09-CV-12388, 2009 WL 2058583 (E.D. Mich. July 13, 2009) (Borman, J.); *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is not new to the court system. As noted, the court's records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *Jones*, No. 10-CV-15156; *Jones*, No. 10-12308; *Jones*, No. 10-1239, *supra*. In fact, in his Complaint, Plaintiff himself names those three previous lawsuits. See Pl.'s Compl. 2. Consequently, the Court concludes that he is a "three striker" who cannot proceed *in forma pauperis* for this civil action unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To fall within that statutory exception to the three-strikes rule, a prisoner must allege that the threat or prison condition is "real and proximate" and that the danger of serious physical injury exists at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)).

The Court finds that the allegations stated in Plaintiff's Complaint do not pose an imminent danger of serious physical injury. In fact, Plaintiff does not appear to allege that he is in any imminent danger of serious physical injury. The Court therefore concludes that Plaintiff has failed to show that he falls within the exception to the three-strikes rule, and his Complaint is subject to dismissal under section 1915(g).

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's "Application to Proceed Without Prepayment of Fees" [dkt. # 3] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Complaint" [dkt. # 1] is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that Plaintiff's "Application for Appointment of Counsel" [dkt. # 2] is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's "Request to Stop Lawsuit" [dkt. # 5] is DENIED as moot.

IT IS FURTHER ORDERED that any appeal taken by Plaintiff would not be done in good faith. See 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

SO ORDERED.

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: 5-30-12